# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1999

FILED

October 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9809-CR-00372** |
| | ) | |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. CHERYL BLACKBURN** |
| **KENNETH A. JOHNSON,** | ) | |
| | ) | |
| Appellant. | ) | **(RAPE; SIMPLE ASSAULT)** |

FOR THE APPELLANT:              FOR THE APPELLEE:

**KARL DEAN**
District Public Defender

**JEFFREY A. DeVASHER**
Assistant Public Defender

**JOAN A. LAWSON**
Assistant Public Defender

**ALLAN CALHOUN**
Assistant Public Defender
1202 Stahlman Building
Nashville, TN  37201

**PAUL G. SUMMERS**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**VICTOR S. JOHNSON, III**
District Attorney General

**DIANE LANCE**
Assistant District Attorney General

**DAN HAMM**
Assistant District Attorney General
Washington Square - Suite 500
222 Second Avenue North
Nashville, TN  37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

On March 20, 1998, the Davidson County Grand Jury indicted Appellant Kenneth Allen Johnson for two counts of aggravated sexual battery, two counts of rape, and one count of sexual battery. Following a jury trial on March 23–25, 1998, Appellant was convicted of one count of rape and two counts of simple assault. After a sentencing hearing on July 1, 1998, the trial court imposed a ten year sentence for the rape conviction and a six month sentence for each of the simple assault convictions. In addition, the trial court set Appellant's release eligibility percentage at 100% for the rape sentence and 75% for each of the simple assault sentences. The trial court also ordered the sentences for the simple assault convictions to run concurrently to each other, but consecutively to the sentence for the rape conviction. On August 14, 1998, the trial court dismissed Appellant's convictions for simple assault because they were barred by the statute of limitations. Appellant challenges his sentence for the rape conviction, raising the following issues:

1) whether the trial court imposed an excessive sentence; and

2) whether the trial court erred when it set the release eligibility percentage at 100%.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

S.R. (it is the policy of this court to refer to the victims of child sexual abuse only by their initials) testified that her older sister Dana Johnson was married to Appellant. S.R. also testified that beginning when she was eleven years old, she

would spend every other weekend with Appellant and Ms. Johnson at their residence.

S.R. testified that one night when she was eleven years old, she stayed in the same bedroom as Appellant and Ms. Johnson. At some point that night, Appellant reached under S.R.'s clothing and touched her breasts. The touching lasted for approximately five minutes and ended when S.R. "tried to jerk away." S.R. also testified that while she was staying with Appellant and Ms. Johnson two or three weeks after this incident, Appellant touched her breasts again.

S.R. testified that about three months before Ms. Johnson gave birth to a son on August 7, 1995, Appellant and Ms. Johnson moved to a new residence on White's Creek Pike. After Appellant and Ms. Johnson moved to this residence, S.R. spent the night with them approximately every other week or every third week. On these occasions, S.R., Appellant, and Ms. Johnson all slept in the same bed and at Appellant's suggestion, Appellant slept between S.R. and Ms. Johnson so that S.R. would not kick Ms. Johnson in her sleep.

S.R. testified that while she was staying with Appellant and Ms. Johnson at the White's Creek residence, Appellant placed his finger in her vagina between ten and fifteen times. S.R. also testified that on one occasion, Appellant pulled down her sweatpants and rubbed his penis on the inside of her leg.

S.R. testified that she did not say anything when these incidents occurred because she did not want to wake up Ms. Johnson. S.R. also testified that she did

not report the incidents immediately because she was afraid that no one would believe her and because she did not want to "tear up [her] family."

Detective Harry Meek testified that he interviewed Appellant on November 11, 1996. During the interview, Appellant gave a statement about the allegations made by S.R.. Appellant stated that he penetrated S.R.'s vagina with his finger on approximately ten occasions beginning in July of 1995. Appellant also stated that he would become sexually aroused when he digitally penetrated S.R. and he would subsequently relieve his arousal by having sex with Ms. Johnson while he thought about his penetration of S.R..

## II. LENGTH OF SENTENCE

Appellant contends that the trial court imposed an excessive sentence. We disagree.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and

mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id.

In this case, Appellant was convicted of rape, a Class B felony. See Tenn. Code Ann. § 39-13-503(b) (1997). The sentence for a Range I offender convicted of a Class B felony is between eight and twelve years. Tenn. Code Ann. § 40-35-112(a)(e) (1997). When both enhancement and mitigating factors are applicable to a sentence, the court is directed to begin with the minimum sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1997).

In determining that Appellant should serve a sentence of ten years for his rape conviction, the trial court found that the following enhancement factors were applicable: (1) Appellant had a previous history of criminal behavior in addition to that necessary to establish the appropriate sentencing range; (4) the victim was particularly vulnerable because of age; (7) the offense was committed to satisfy Appellant's desire for pleasure or excitement; and (15) Appellant abused a position of private trust in a way that significantly facilitated the commission of the offense. See Tenn. Code Ann. § 40-35-114(1), (4), (7), (15) (1997). The trial court also found that mitigating factor (13) was applicable because, in mitigation, Appellant had participated in counseling, had shown genuine remorse, and had shown amenability to treatment. See Tenn. Code Ann. § 40-35-113(13) (1997).

Initially, we note that Appellant does not contend that the trial court should have applied any additional mitigating factors nor does Appellant contend that the trial court should have given the mitigating factors it did apply any additional weight. We conclude in our de novo review that the trial court properly applied the mitigating factors in this case.

Appellant does not challenge the application of enhancement factor (1) and we conclude that the trial court properly applied this factor. Indeed, Appellant's clinical therapist testified during the sentencing hearing that Appellant had admitted that he had stolen a computer from his former place of employment.

Appellant also does not challenge the application of enhancement factor (7) and we conclude that it was correctly applied. Indeed, Appellant admitted in his statement to police that he became aroused when he digitally penetrated S.R.'s vagina and he then thought about the penetration of S.R. while he had sex with his wife.

Appellant does challenge the application of enhancement factor (4) and we agree that the trial court erred when it applied this factor. As this Court has previously stated,

> [A] victim is particularly vulnerable within the meaning of this enhancement factor when the victim lacks the ability to resist the commission of the crime due to age, a physical condition, or a mental condition. A victim is also particularly vulnerable when his or her ability to summons assistance is impaired; or the victim does not have the capacity to testify against the perpetrator of the crime. However, a finding that one of these conditions exists does not, as a matter of law, mean that this factor is automatically considered. The appellant must have taken advantage of one or more of these conditions during the commission of the crime. The state had the burden of establishing the limitations that render the victim "particularly vulnerable." The state also had the burden of establishing that the condition

which rendered the victim "particularly vulnerable" was a factor in the commission of the offense.

State v. Butler, 900 S.W.2d 305, 313 (Tenn. Crim. App. 1994). In this case, the State failed to meet is burden of demonstrating that S.R. was "particularly vulnerable" because of her age. There is no proof in the record that S.R.'s age affected her ability to resist, her ability to summon help, or her ability to testify against Appellant. Indeed, S.R. did testify against Appellant and she essentially testified that the reason she did not resist or summon help was because of her fear that she would damage family relationships. Thus, we conclude that the trial court erred when it applied this factor.

Appellant also challenges the application of enhancement factor (15) and we agree that the trial court erred when it applied this factor. Tennessee Code Annotated section 40-35-114 states that enhancement factors must be "appropriate for the offense" and must not be "essential elements of the offense as charged in the indictment." Tenn. Code Ann. § 40-35-114 (1997). The Tennessee Supreme Court has stated that "[t]hese limitations exclude enhancement factors based on facts which are used to prove the offense or [f]acts which establish the elements of the offense charged." State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997) (citation and internal quotations omitted).

In this case, the State relied on the same facts to establish both an element of the offense of rape and the abuse of a position of private trust. In order to establish that Appellant had committed the offense of rape, the State had to prove beyond a reasonable doubt that Appellant had unlawful sexual penetration of S.R. accomplished by force or coercion. See Tenn. Code Ann. § 39-13-503(a)(1) (1997).

In response to Appellant's motion for judgement of acquittal at the end of the State's proof, the prosecutor argued that the element of coercion had been established by proof that at the time of the offense, Appellant had custodial authority over S.R. and he used that custodial authority to commit the offense. Specifically, the prosecutor stated that

> As for the force or coercion argument, coercion needs to be, one type of coercion, obviously, is custodial authority, and that is what the State's argument is in this case; that the defendant had custodial authority over [S.R.], and that he used his custodial authority to accomplish this act.

The record indicates that when the trial court sentenced Appellant, it recognized that the same facts that the State had relied on to establish an element of the offense were the same facts that established the applicability of factor (15). In fact, the trial court expressly stated that factor (15) "is . . . an integral part or inherent element of this offense." The trial court also stated that although it found that factor (15) was applicable, it would not give the factor any weight because "it is such an inherent element of the offense in this case." Because it is clear that the facts used to establish an element of the offense were the same facts that established the applicability of factor (15), we conclude that the trial court erred when it applied this factor.

Even though we hold that the trial court erred in applying two enhancement factors, a finding that enhancement factors were erroneously applied does not equate to a reduction in the sentence. State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994). In our de novo review, we conclude that two enhancement factors are applicable in this case and we conclude that these factors are entitled to significant weight. Thus, we conclude that a sentence of ten years is entirely appropriate in this case. Appellant is not entitled to relief on this issue.

### III. RELEASE ELIGIBILITY PERCENTAGE

Appellant contends that the trial court erred when it set his release eligibility percentage at 100%.  We disagree.

Under Tennessee Code Annotated section 40-35-501, a defendant who commits the offense of rape on or after July 1, 1995, must serve 100% of the sentence imposed by the trial court, less applicable sentencing credits. Tenn. Code Ann. § 40-35-501(i)(1)–(2) (1997).  Appellant argues that the above statute is inapplicable in this case because the State failed to prove that the rape was committed on or after July 1, 1995.

In this case, Appellant was convicted of rape under count three of the indictment, which states that

> [Appellant] on a day in July, August or September, 1995, . . . did intentionally, knowingly, or recklessly engage in unlawful sexual penetration of [S.R.] and force or coercion was used to accomplish the act . . . .

According to the State's election of offenses,

> Count 3 refers to an incident described by [S.R.], where [Appellant], for the first time, placed his finger inside [S.R.'s] vagina.  This occurred in [Appellant's] bed on White's Creek in July, August, or September of 1995.

Appellant is correct that S.R. was unable to pinpoint an exact date for when the incidents of digital penetration began.  Instead, S.R. was only able to narrow the time period by testifying that the incidents of digital penetration began when she was staying with Appellant and Ms. Johnson at the White's Creek residence before Ms. Johnson gave birth to a son on August 7, 1995.  Appellant is also correct that other evidence established that Appellant and Ms. Johnson moved into the White's Creek

residence as early as May of 1995.  However, the statement that Appellant gave to police contains the following colloquy:

> [Meek]: Okay.  Well, you want to just tell me your side of the story of what's . . . what's going on or . . .
> [Appellant]: Sure.  Uh . . . uh, I'm . . . my sister-in-law, [S.R.]
> [Meek]: Uh-huh.
> [Appellant]: . . . approximately . . . I'll say around July of [1995] uh, it's when I started touching her in a sexual nature.
> [Meek]: When was this?
> [Appellant]: July of [1995].
> [Meek]: July of [1995]?
> [Appellant]: Uh and it stopped sometime in September of [1995].

Thus, according to Appellant's own statement, the offense was committed on or after July 1, 1995.  Therefore, we conclude that the trial court properly set Appellant's release eligibility percentage at 100%.  Appellant is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
NORMA McGEE OGLE, Judge

-10-